FRANK CRAWFORD v. ATHLETIC ASSOCIATION OF THE UNIVERSITY OF NEBRASKA, Defendant, AND STUDENTS ATHLETIC ASSOCIATION OF THE UNIVERSITY OF NEBRASKA, Intervener, Appellant.

NEW CORPORATION: *Jury question.* Where intervener, claiming money attached as the funds of defendant association, contended that it was a new and different association from defendant, and the evidence merely showed that the intervener association was composed partly of new officers and members under another name, but organized for the same purpose as defendant, the jury were warranted in finding that such changes did not constitute the organization of a new and different association.

APPEAL: *Sufficiency of exception.* Where appellant's abstract showed the only exception taken to instructions, was one "to the giving of each and every one," such exception was too general to present such instructions for review.

*Objection below.* Where objections to the admission of evidence are not made in motion for a new trial, and are presented for the first time on appeal, they will not be reviewed.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY 19. 1900.

ACTION to recover one hundred and twenty-five dollars, with interest, balance, alleged to be due from the defendant on written contract. An attachment was issued, and under it two hundred and fifty dollars in money was seized as the property of the defendant. The defendant was not served, and no appearance made on its behalf. Intervener filed his petition, claiming to be the absolute owner of said money. The plaintiff replied, ad-

mitting "that the balance thereof [cash receipts of game] now in the hands of said sheriff is the property of this intervener, and alleging that intervener and the defendant are one and the same." The jury found as follows: "We, the jury, find for the plaintiff and against the defendant, the Athletic Association of the University of Nebraska, and that said defendant is identical with the intervener, the Students' Athletic Association of the University of Nebraska, and we fix the amount of plaintiff's recovery at $221.67." Judgment was rendered on the verdict, and intervener appealed.— *Affirmed.*

*A. W. Askwith* and *Wright & Baldwin* for appellant.

*Robertson & Kimball* for appellee.

GIVEN, J.—I. This controversy arises out of the following facts: August 24, 1893, the defendant association entered into a written contract with the plaintiff "to coach, train, and instruct to the best of his ability the University of Nebraska football team during the season of 1893," and agreeing to pay him five hundred dollars therefor. Plaintiff rendered the services, and received three hundred and seventy-five dollars on account thereof. On Thanksgiving Day, 1897, a game was played at Council Bluffs by the teams of the universities of Iowa and Nebraska, and the money in dispute is of that part of the gate receipts that was to go to the association of the University of Nebraska. The claim of the plaintiff is that the association entitled to that money is the same association that is indebted to him; in other words, that the defendant and intervener are one and the same. The intervener claims that it is a new and entirely distinct and separate association other than the defendant. The case was tried and submitted upon this issue, and the jury, as it well might, found for the plaintiff thereon.

II. Appellant's first contention is that the court erred·in holding as a matter of law, "in its ruling on the objections to the testimony and in its instructions," that the defendant "had a legal existence, was a legal entity, could be sued and could enter into and could make the contract with the plaintiff; and that intervener could succeed to such supposed liability of the defendant." The record fails to show that such a question was raised or ruled upon in the lower court. The appellant's abstract does not show a single objection or ruling in taking the evidence, and the exception to instructions is "to the giving of each and every one," which has been uniformly held to be too general. Appellee's abstract shows but two objections and rulings on evidence, and those as to the identity of the two associations. This contention was not made in the motion for a

new trial. This case was tried through without question as to the capacity, right, or liability of either association to sue or be sued or to intervene. It is presented in this court for the first time, and therefore, under repeated and uniform rulings, cannot be considered.

III. Appellants contend that the verdict is contrary to the evidence; but not so, we think. True, there were some changes in the officers, membership, and name of the Athletic Association of the University of Nebraska, but the jury were fully warranted in finding that they were only changes, and not the organization of a new and different association. The association, being the same, should not be allowed to avoid paying its honest debts by reason of these changes.

Complaint is made against the first and second instructions given, but, as they were not properly excepted to, the complaint may not be considered. We may add that the complaint seems to be without merit. We find no error, and the judgment is AFFIRMED.